**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER C. HANSEN, | No. 11-17070 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00110-RCJ-VPC |
| v. | |
| MARK MALLOY and STATE OF NEVADA, ex rel., its Department of Public Safety, Nevada Highway Patrol, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted May 17, 2013
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and KORMAN, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, District Judge for the Eastern District of New York, sitting by designation.

Plaintiff Peter C. Hansen appeals the district court's summary judgment against him on his claim under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment. We affirm.

The First Amendment does not empower public employees to constitutionalize the employee grievance. *Desrochers v. City of San Bernadino*, 572 F.3d 703, 718 (9th Cir. 2009). If the employee does not speak on a matter of public concern, then his claim fails. *Connick v. Myers*, 461 U.S. 138, 146 (1983). The public concern requirement of a retaliation claim is the first step in the five-step sequential inquiry set forth in *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). Whether the employee spoke on a matter of public concern "must be determined by the content, form, and context" of the statements. *Id.* (internal quotation marks omitted). Hansen's internal grievances concerned his personal employee evaluations and discipline, not any purported effect on the public or even other officers. Thus, the district court correctly concluded that Hansen's grievances did not constitute a matter of public concern. Accordingly, the decision to grant summary judgment was correct.

**AFFIRMED**.